[Crim. No. 3993. First Dist., Div. Three. Apr. 27, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JESSE DAVIS, Defendant and Appellant.

Stanley D. Whitney, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Joseph I. Kelly, Deputy Attorneys General, for Plaintiff and Respondent.

DEVINE, J.—A second degree murder judgment and order denying motion for new trial are appealed. The killing occurred in a barroom. Decedent, Smith, who, apparently, was unknown to defendant, insulted women patrons of the bar, pushed or shoved defendant, who was sitting at the bar, perhaps three times, cursed defendant and threatened to kick him. Defendant remonstrated with decedent for cursing the women, asked decedent to ''leave us alone'' and told decedent he might get hurt, cursing women as he was doing. Decedent took off his coat and draped it over his arm.

As the cursing went on, someone told defendant he didn't have to take that. Whether Smith had his right hand in his own pocket at the moment defendant stabbed him, or whether Smith was making a motion toward shoving defendant again, is a matter on which the witnesses do not agree. Defendant struck Smith with a knife with such force that it penetrated his breastbone, heart and aorta.

Appellant contended for self-defense, on the proposition that Smith had one hand in his pocket at the moment, was using the coat as a shield, was cursing defendant and

threatening to kick him, and appellant feared Smith would pull out a knife or brass knuckles and attack him. However, no weapon was found on deceased, nor did defendant or anyone else see a weapon.

Immediately following the stabbing, defendant left the place with other patrons of the bar, whom he told to say that they did not see a knife. He asked one of them to wash the knife which he gave her and which had blood on it. He stated that he had cut Smith because Smith was cursing out two of the women patrons. When he learned that Smith was dead, appellant surrendered to the police, but he gave a false statement that he had no knife, but only a ring on his finger when he struck Smith.

 Self-defense is a question of fact and requires in the actor a real fear of serious bodily injury and an appearance of danger of such injury which would arouse such fear in the mind of a reasonable man. (Pen. Code, § 198; *People* v. *Ranson*, 119 Cal.App.2d 380, 386-387 [259 P.2d 910].)

 There is nothing in the evidence in this case which would compel the conclusion of self-defense as a matter of law. In this, the case differs radically from the cases cited by appellant (*People* v. *Collins*, 189 Cal.App.2d 575 [11 Cal. Rptr. 504]; *People* v. *Toledo*, 85 Cal.App.2d 577 [193 P.2d 953]; *People* v. *Salaz*, 66 Cal.App. 173 [225 P. 777]; *People* v. *Estrada*, 60 Cal.App. 477 [213 P. 67]), because in each of those cases, except the *Collins* case, decedent was attacking defendant with a deadly weapon, and in the *Collins* case a violent sexual assault was being made on defendant by decedent; and in each of those cases the only competent and substantial evidence of killing of decedent by defendant was the same extrajudicial statement of defendant which carried, in close and immediate connection with the proof of the killing, circumstances of necessary self-defense. Where there is other evidence of criminality, it is the function of the trier of fact to determine which version is to be believed. (*People* v. *Acosta*, 45 Cal.2d 538, 542 [290 P.2d 1].) In the case before us, there is ample direct evidence of the killing by several eye-witnesses.

The jury was entitled to disbelieve appellant's claim of self-defense, and to determine that implied malice existed because no considerable provocation appears, or the circumstances attending the killing show an abandoned and malignant heart; and from the existence of such malice to decide that the crime was that of second degree murder.

■ Appellant complains that his instruction number seven on the doctrine of appearance in self-defense was refused, but we find the rejection to have been proper. The proffered instruction was: "The defendant was entitled to act upon appearances, and if the language and conduct of the deceased was such as to induce in the mind of a reasonable man, under all the circumstances then existing and viewed from the standpoint of the defendant, a belief that death or great bodily harm was about to be inflicted by deceased upon the defendant, it does not matter if such danger was real, or was only apparent." The instruction was faulty in its reference to viewing of the circumstances "from the standpoint of the defendant," a reference which, in the context, would reduce the requirement that the appearances must be such as would cause a reasonable person to have an honest conviction and fear of death or great bodily harm. (*People* v. *Glover*, 141 Cal. 233, 238, 239 [74 P. 745].) Again, in its concluding words, the proposed instruction refers to danger, real or only apparent, without qualification as to the person to whom it may be apparent, which might allow defendant's own standard of apparent danger to be controlling.

The jury was instructed on self-defense as given in CALJIC, Criminal, Nos. 322 and 329. These instructions refer to apparent as well as to real danger throughout, and, thus, appellant's contention that the jury was not informed on the subject of apparent danger is not sustained.

■ We reject appellant's final contention, that the court should take judicial notice of what appellant says is the fact, namely, that members of his and decedent's race are prone to fight with knives, and that when decedent put his coat over his arm it was to have it serve as a shield, and when he put his hand into his pocket it was reasonable to deduce that it would emerge with a weapon. To accept the first part of this contention would lessen the law's regard for the lives of persons of one or more races or nationalities, and to accept either part would require us to decide questions essentially within the province of the trier of facts.

Judgment and order denying motion for new trial affirmed.

Draper, P. J., and Salsman, J., concurred.

A petition for a rehearing was denied May 7, 1962, and appellant's petition for a hearing by the Supreme Court was denied June 20, 1962.